IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESURANCE INSURANCE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 3:20-cv-01378 |
| LAJAVION RAMSEY, | ) |
|   *SERVE AT*: | ) |
|   St. Clair County Jail | ) |
|   700 N. 5th Street | ) |
|   Belleville, IL 62220 | ) |
| | ) |
| and | ) |
| | ) |
| ALEXIS N. HILL, | ) |
|   *SERVE AT*: | ) |
|   71 Monte Rosa Dr., | ) |
|   De Soto, MO 63020 | ) |
| | ) |
| and | ) |
| | ) |
| TERRI ARNETT and DONALD ARNETT on | ) |
| behalf of their daughter, SIERRA R. | ) |
| WARD-MICKE, deceased, | ) |
|   *SERVE AT*: | ) |
|   127 Hencher Rd., | ) |
|   De Soto, MO 63020 | ) |
| | ) |
| and | ) |
| | ) |
| DA-MON L. PERKINS, | ) |
|   *SERVE AT*: | ) |
|   4246 Minnesota Ave., | ) |
|   St. Louis, MO 63111 | ) |
| | ) |
| and | ) |
| | ) |
| TERRION CARTER-SMITH, | ) |
|   *SERVE AT*: | ) |
|   3305 Hwy 169 North, Apt. 207 | ) |
|   Plymouth, MN 55441 | ) |



```
                                            )
         and                                )
                                            )
FAITH STUBBLEFIELD,                         )
     SERVE AT:                              )
     3217 Clarence Dr.,                     )
     St. Charles, MO 63301                  )
                                            )
         and                                )
                                            )
NICHOLAS A. SMITH                           )
     SERVE AT:                              )
     4246 Minnesota St., #F                 )
     St. Louis, MO 63111                    )
                                            )
         and                                )
                                            )
WILLIAM R. RANKIN                           )
     SERVE AT:                              )
     3785 Jacobs Creek, Apt. H,             )
     Bonne Terre, MO 63628                  )
                                            )
         Defendants.                        )
```

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, ESURANCE INSURANCE SERVICES, INC. ("Esurance"), by and through its undersigned attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and for its Complaint for Declaratory Judgment, states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. At all times relevant herein, Esurance is and was a corporation authorized to transact business in the State of Illinois, incorporated under the laws of the State of Delaware and therefore is a citizen of the State of Delaware.

2. Upon information and belief, at all times relevant herein, Defendant LaJavion Ramsey is and was a natural person and a citizen of the State of Illinois.

3. Upon information and belief, at all times relevant herein, Defendant Alexis N. Hill is and was a natural person and a citizen of the State of Missouri.

4. Upon information and belief, at all relevant times herein, Terri Arnett and Donald Arnett and their daughter, Defendant Sierra R. Ward-Micke, deceased, are and were a natural persons and a citizens of the State of Missouri.

5. Upon information and belief, at all relevant times herein, Defendant Da-Mon L. Perkins is and was a natural person and a citizen of the State of Missouri.

6. Upon information and belief, at all relevant times herein, Defendant Terrion Carter-Smith is and was a natural person and a citizen of the State of Minnesota.

7. Upon information and belief, at all relevant times herein, Defendant Faith Stubblefield is and was a natural person and a citizen of the State of Missouri.

8. Upon information and belief, at all relevant times herein, Defendant Nicholas A. Smith is and was a natural person and a citizen of the State of Missouri.

9. Upon information and belief, at all relevant times herein, Defendant William R. Rankin is and was a natural person and a citizen of the State of Missouri.

10. Defendant LaJavion Ramsey purchased a contract of automobile insurance from Esurance on August 17, 2020, *after* having been involved in a motor vehicle accident involving all other named Defendants.

11. The subject policy was purchased online on August 17, 2020, at approximately 4:51 p.m. Central Standard Time (2:51 p.m. PST). (Letter of Experience, Exhibit B.)

12. The Illinois Personal Auto Policy 648683127 was issued to Defendant

Ramsey, who indicated he resided at 725 Royal Heights Road, A, in Belleville, Illinois 62226, at the time of the purchase.

13. The policy's effective dates were from August 17, 2020 through February 17, 2020. The policy carried a limit of $25,000.00 per person and $50,000.00 per accident. The policy lists one covered vehicle, a 2014 Dodge Charger Hemi R/T, VIN 2C3CDXCT3EH275112. The policy is attached and labeled, Exhibit A.

14. After 2:00 a.m. on August 17, 2020, Defendant Ramsey drove his 2014 Dodge Charger to Washington Ave., in St. Louis, City, Missouri, an area with many night clubs, as well as vehicular and pedestrian traffic.

15. During his visit to the area, and while still in his vehicle, Defendant Ramsey became nervous when he saw numerous people gathered on the corners of Washington Ave., as he claims he was previously shot in St. Louis, Missouri; Defendant Ramsey claims he believed someone was holding a gun and panicked, wanting to get home.

16. Defendant Ramsey claims to have been traveling at 40-50 miles per hour on Washington Ave. when he crossed through a yellow light and a Silverado truck pulled in front of him.

17. Upon information and belief, Defendant William R. Rankin was operating the Silverado truck, which had several passengers seated in the truck bed.

18. Defendant Ramsey hit the brakes, but was unable to bring his vehicle to a stop; the vehicles collided and the passengers riding in the truck bed were ejected.

19. Upon information and belief, Sierra R. Ward-Micke, one of the truck-bed passengers, died due to the injuries she suffered in the accident.

20. Upon information and belief, the remaining passengers all suffered injuries and all have been named Defendants herein.

21. Given the nature of the damages sustained and the number of individuals involved, it appears the amount in controversy exceeds this Court's jurisdictional amount.

## Jurisdiction and Venue

22. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), in that Esurance and the Defendants have diversity of citizenship, and the amount in controversy exceeds $75,000.00. This is a justiciable matter under 28 U.S.C. §2201(a).

23. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(c) as the automobile insurance policy was purchased by Defendant Ramsey in the State of Illinois, where Defendant Ramsey resided. The motor vehicle accident involving the remaining Defendants occurred in Missouri.

24. Esurance requests that this Court declare there is no coverage for the claims of the Defendants in that the policy was not bound until after the accident occurred.

25. An actual controversy exists between Plaintiff and Defendants herein, and claims upon the policy have been made.

26. The actual controversy herein is justiciable and recognized by this Court, such controversy being dependent upon a construction of an insurance policy and endorsements.

27. Resolution of the matters raised in this Complaint for Declaratory Judgment would dispose of all issues between the parties, arising out of the policy.

## THE SUBJECT AUTOMOBILE INSURANCE POLICY

28. The Subject Policy contains the following pertinent terms:

**INSURING AGREEMENT**

When *"we"* agree to issue this policy, and when *"we"* agree to renew this policy, *"we"* rely upon the truth and accuracy of the information *"you"* provide to *"us"* and the representations made by *"you"* in *"your"* Application for this insurance and at the time of each renewal. *"Your"* Application, the policy terms and conditions, all other forms *"we"* provide to *"you"*, and Endorsements issued by *"us"*, are part of, and form, *"your"* policy. The duties and obligations imposed by this policy shall be binding upon *"you"*, *"family members"*, and other persons seeking coverage or benefits under this policy.

In return for *"your"* premium payment, *"we"* agree to insure *"you"* subject to all the terms of this policy as follows:

**DEFINITIONS APPLICABLE TO ALL COVERAGES**

The following definitions in their singular, plural, and possessive forms apply throughout this policy when printed in *"boldface italics within quotation marks"*

1.  *"You"* and *"your"* refer to:

    A.  The named insured(s) shown on the Declarations page;

\*\*\*

2.  *"We"*, *"us"*, and *"our"* refer to the Company providing this insurance, as shown on the Declarations page.

3.  *"Accident"* means a sudden, unexpected, and unintended event.

4.  *"Auto"* means a land motor vehicle:

    A.  Registered under the applicable motor vehicle laws;

  **B.**  Designed principally for operation upon public roads:

\*\*\*

5.  *"Bodily Injury"* means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

\*\*\*

7.  *"Covered Auto"* means:

  **A.**  Any vehicle identified on *"your"* Declarations page;

\*\*\*

11.  *"Loss"* means:

  **A.**  Sudden, direct, and unintended physical damage; or

  **B.**  Theft.

\*\*\*

## PART I: LIABILITY COVERAGE

Subject to the Limits of Liability, *"we"* will pay damages for *"bodily injury"* and *"property damage"* for which any *"insured"* becomes legally responsible because of an auto *"accident"*. However, *"we"* will not pay for punitive or exemplary damages under **Part I**.

In addition to *"our"* limit of liability, *"we"* will pay cost *"we"* incur when *"we"* defend an *"insured"*. *"We"* will settle or defend as *"we"* deem appropriate. *"Our"* duty to settle or defend ends when *"our"* limit of liability for this coverage has been exhausted by payment of judgments or settlements, or the limit is paid into a court that has jurisdiction.

*"We"* have no duty to defend any lawsuit or settle any claim for *"bodily injury"* or *"property damage"* not covered under this policy.

\*\*\*

## ADDITIONAL DEFINITIONS FOR PART I: LIABILITY COVERAGE

1. *"Insured"* as used in **Part I** means:

    A. *"You"* or a *"family member"* for the ownership, maintenance, or use of any *"auto"* or any trailer being towed by or attached to a ***"covered auto"***.

\*\*\*

## LIMIT OF LIABILITY

1. The applicable limit of liability for each person for Bodily Injury Liability Coverage is *"our"* maximum limit of liability for all damages for a *"bodily injury"* to a person, including, but not limited to, damages for:

    A. Loss of society;

    B. Loss of companionship;

    C. Loss of services;

    D. Loss of consortium; and

    E. Wrongful death;

which may arise as a result of *"bodily injury"* sustained by any one person in any one *"auto" "accident"*. Subject to this limit for each person, the limit of liability shown on the Declarations page for each accident for Bodily Injury Liability is *"our"* maximum limit of liability for all damages for *"bodily injury"* resulting from

anyone *"auto" "accident"*.

\*\*\*

**OUT-OF-STATE COVERAGE**

If an *"accident"* to which this policy applies occurs in any state or province other than the one in which the *"covered auto"* is principally garaged, *"we"* will interpret *"your"* policy for that accident as follows:

1. If the state or province has:

    **A.** A financial responsibility or similar law requiring limits of liability for *"bodily injury"* or *"property damage"* higher than the limit shown in the Declarations page, *"your"* policy will provide the higher specified limit.

    **B.** A compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an *"auto"* in that state or province, *"your"* policy will provide at least the required minimum amounts and types of coverage.

2. No one will be entitled to duplicate payments for the same elements of Damages.

\*\*\*

**PART VI: GENERAL PROVISIONS APPLICABLE TO ALL COVERAGE**

\*\*\*

1. This policy, *"your"* Application, the terms and conditions *"you"* have expressly agreed to, the Declarations page, as may be amended, and

Endorsements issued by *"us"*, contain all the agreements between *"you"* and *"us"*.

Its terms may not be changed or waived except by an endorsement issued by *"us"*.

\*\*\*

**FRAUD OR MISREPRESENTATION**

This policy was issued in reliance upon the information provided on *"your"* insurance application. **"We"** may void this policy if *"you"* or an insured person:

1. Made incorrect statements or representations to *"us"* with regard to any material fact or circumstance that affects *"our"* acceptance of the risk insured by *"us"*;

2. Concealed or misrepresented any material fact or circumstances with the intent to deceive.

**"We"** will not void this policy if it has been in effect for one year or one policy term, whichever is less.

**"We"** do not provide coverage or benefits for any person who has made fraudulent statements or engaged in fraudulent conduct in connection with any *"accident"* or *"loss"* for which coverage or benefits are sought under this policy.

\*\*\*

**POLICY PERIOD AND TERRITORY**

1. This policy applies only to *"accidents"* and *"losses"* that occur:

    A. After the effective date and time shown on the Declarations page, or the time this policy was purchased, whichever is later;

    B. After the policy becomes effective, but prior to cancellation,

       termination or 12:01 a.m. on the expiration date shown on the

       Declarations page, whichever is earlier; and

      **C.** Within the policy territory.

**2.** The policy territory is:

      A. The United States of America its territories or possessions;

\*\*\*

**PAYMENT OF PREMIUM**

If *"your"* initial premium payment for the first policy period is by e-check, draft, credit card, or any remittance other than cash, coverage under this policy is conditioned upon that e-check, draft, credit card, or remittance being honored by the bank or other financial institution when it is presented for payment. If the e-check, draft, credit card, or remittance is not honored *"we"* may deem this policy void from its inception, as if it was never issued. This means that *"we"* will not be liable under this policy for any claims or damages that would be covered if that e-check, draft, credit card, or remittance had been honored when presented by *"us"* for payment.

\*\*\*

### COUNT I - Declaration That No Liability Coverage Exists Under The Policy For Defendants Because It Was Not Purchased Until After The Subject Accident

    29.    Plaintiff incorporates each and every allegation contained in ¶¶ 1 through 28, as if more fully set forth and restated herein verbatim.

    30.    Most Defendants, other than Defendant Ramsey and Defendant Rankin, have contacted Plaintiff through counsel to advise about their claims for damages flowing from the auto accident that occurred in St. Louis, Missouri on August 17, 2020.

31. The Police Report indicates the subject collision occurred at 2:28 a.m. on August 17, 2020.

32. Plaintiff Esurance's records indicate Defendant Ramsey purchased the policy described above at the policy was purchased in Illinois on August 17, 2020 at 4:51 p.m. CST, Defendant Ramsey's time zone.

33. The Ramsey policy was purchased over 12 hours *after* the subject accident and was not in force at the time of the loss.

34. Given that the Esurance policy was not effective at the time of the loss, Esurance owes no coverage for defense or indemnity to the Defendants flowing from the motor vehicle accident.

WHEREFORE, Plaintiff, ESURANCE, respectfully requests that this Court enter a Declaratory Judgment and equitable decree stating the following:

(a) That there is no duty to defend, nor to indemnify any of the Defendants under the policy issued by Esurance to Defendant Ramsey for the damages flowing from the subject motor vehicle accident;

(b) For such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ESURANCE INSURANCE SERVICES, INC.**

By: /s/Beth C. Boggs
Beth C. Boggs, #43089
BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
9326 Olive Blvd., Suite 200
St. Louis, MO   63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Plaintiff**